```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
CHAWN Johnson

                Plaintiff,

        - against-                            MEMORANDUM DECISION
                                              AND ORDER
                                              19-CV-03009 (AMD) (RLM)
THYSSENKRUPP ELEVATOR CORP,

                Defendant.
------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 7 2019 ★
BROOKLYN OFFICE

**ANN M. DONNELLY, United States District Judge:**

This motion to quash arises from a personal injury lawsuit proceeding in the Supreme Court of the State of New York, County of Queens, between Chawn Johnson, the plaintiff, and ThyssenKrupp Elevator Corp., the defendant. In the state court action, the plaintiff alleges that the defendant's negligent maintenance of an elevator at a "Veteran Administration Hospital building" caused his injuries. (ECF No. 1 ¶ 1.) On March 18, 2019, the defendant issued a subpoena *ad testificandum* to Ernest Monteleone, a federal employee of the Veterans Administration. (*Id.* at 18.) A week later, on March 25, 2019, the defendant sent a letter to the VA advising it of the pending subpoena for Mr. Monteleone and the expected subject matter of his deposition. (ECF No. 6-1.) The VA directed the defendant to 38 C.F.R. §§ 14.800 *et seq.*, a set of regulations governing the process for seeking the VA's consent for the testimony of its employees. (ECF No. 1 ¶ 5.)

Mr. Monteleone did not appear at the deposition on the day specified by the subpoena. The next day, April 16, 2019, the defendant sent a letter to the VA seeking to "resolve the issue of Mr. Monteleone's non-party deposition without the need for an Order to Show Cause for Contempt." (ECF No. 6-1.) The defendant explained that it was not asking Mr. Monteleone for

expert testimony or for the VA to "favor" one party, that the deposition would not take very long, and that the defendant was willing to conduct the deposition at Mr. Monteleone's place of business. (*Id.*) A week later, on April 22, 2019, the defendant sought an Order to Show Cause from the state court seeking to compel Mr. Monteleone to appear for his deposition and hold him in contempt. (ECF No. 1 ¶ 6.) The Honorable Robert McDonald of the New York Supreme Court signed the Order to Show Cause on April 29, 2019. (*Id.* ¶ 7.) According to the VA, it has not authorized Mr. Monteleone to testify pursuant to 38 C.F.R. §§ 14.800 *et seq.* (ECF No. 5 at 2.)

On May 21, 2019, the VA removed the proceedings concerning the subpoena and Order to Show Cause to federal court pursuant to 28 U.S.C §§ 1442(a)(1) and (d)(1) and 28 U.S.C. § 1446. (ECF No. 1.) The VA asks me to quash the subpoena and the Order to Show Cause on grounds of sovereign immunity, and because the defendant did not comply with the VA regulations governing subpoenas for testimony. The defendant requests that I enforce the state court subpoena. I grant the VA's request to quash the subpoena and state court Order to Show Cause, and dismiss this action.

## DISCUSSION

5 U.S.C. § 301 authorizes the heads of every executive branch department to "prescribe regulations for the government of his department, the conduct of its employees..., and the custody, use, and preservation of its records, papers, and property." Pursuant to that statute, the Veterans Administration has enacted a series of regulations—called *Touhy* regulations, *see United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)—to govern the VA's response to third-party subpoenas. The VA's *Touhy* regulations, codified at 38 C.F.R. §§ 14.800 *et seq.*, allow VA personnel to give testimony, but only on written request from the party seeking the

testimony and with the approval of the "General Counsel, the Regional Counsel, an attorney in the Office of General Counsel designated by the General Counsel, or an attorney in the Regional Counsel office designated by the Regional Counsel[.]" 38 C.F.R. §§ 14.805, 14.807(b). The VA evaluates the request based on certain factors, including, among others: (i) how the testimony would assist the VA in performing its statutory duties; (ii) whether the testimony is "necessary to prevent the perpetration of fraud and other injustice in the matter in question"; (iii) whether the demand is unduly burdensome; and (iv) whether the testimony might reasonably result in the appearance of the VA favoring one litigant over another. *See* 38 C.F.R. § 14.804.

A party seeking the testimony of an agency employee must comply with the agency's *Touhy* regulations by making a proper demand, exhausting any administrative remedies, and otherwise following the directives established by the agency. *Pollock v. Barbosa Group, Inc.*, 478 F. Supp. 2d 410, 414 (W.D.N.Y. 2007). In the absence of the agency's authorization, a state court does not have the power to compel agency personnel to testify. *Codd v. Saks Fifth Ave.*, No. 98-CV-6426, 1998 WL 744025, at *1 (S.D.N.Y. 1998). Further, "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none[.]" *Minnesota v. United States*, 305 U.S. 382, 389 (1939) (citations omitted). Accordingly, a federal court on removal cannot enforce a subpoena when the state court lacked jurisdiction to do so. *See, e.g., Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989).

The defendant has not complied with the VA's *Touhy* regulations. Accordingly, neither the state court, nor this Court on removal, has jurisdiction to enforce the subpoena for Mr. Monteleone's testimony.[1] The subpoena and state court Order to Show Cause are quashed, and the Clerk of Court is respectfully requested to close this case.

---

[1] The Honorable Arthur Spatt's opinion in *Solomon v. Nassau County*, 274 F.R.D. 455 (E.D.N.Y. 2011), is not to the contrary. In *Solomon*, the subpoena-issuing party complied with the VA's *Touhy*

**SO ORDERED.**

                                                         s/Ann M. Donnelly

                                                       Ann M. Donnelly
                                                       United States District Judge

Dated: Brooklyn, New York
      October 7, 2019

---

regulations, and the underlying lawsuit was before Judge Spatt pursuant to the court's original jurisdiction. Accordingly, the court in *Solomon* had jurisdiction to review the agency's denial under the APA.